[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Motion for Summary Judgment [125]
This is an action against the Town of Essex based on C.G.S. §13a-149, the so-called "defective highway statute."
Plaintiff alleges she fell into a hole that was located on the west side of Pratt street roughly in front of property known as 26 Pratt Street. She alleges this occurred on October 23, 1999 at 1:00 PM in the afternoon. Second Amended Complaint, January 24, 2001. [112]
The defendant, Town of Essex, has moved for summary judgment claiming plaintiff had not given written notice as required by this statute. Sec.13a-149.
 "No action for any such injury shall be maintained against any town . . . unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of the of such town." C.G.S. § 13a-149.
Defendant has submitted affidavits of the town clerk and the three selectman. The town clerk and each selectmen states in his affidavit that he had not received any written notice from the plaintiff of the claimed fall on Pratt Street.
Plaintiff has filed an affidavit in which she states:
 "7. I then telephoned Ginger Zeleznicky, an employee of the defendant, who apparently was responsible for such claims, and asked Ms. Zeleznicky if any forms needed to be filed;
CT Page 12386
 "8. Ms. Zeleznicky told me that a written form was not necessary and that she would take the information from me over the telephone, which was the Town's custom;
 "9. Mrs. Zeleznicky then informed me that the necessary form was complete and that she would forward it to the appropriate party." Affidavit of Jeannie Steward, July 9, 2001, ¶¶ 7-9.
Thus, by her own affidavit, plaintiff acknowledges she did not send a written notice to the town clerk or any of the selectman.
Plaintiff had filed an Amended Complaint dated December 14, 2000. [109] Plaintiff's purported notice as required by the statute was attached as an exhibit to that Amended Complaint. As can be seen from the purported notice, it is a "Loss Notice" form of the Connecticut Interlocal Risk Management Agency. See C.G.S. §§ 7-479a et seq. It appears to be the means by which defendant gave notice to its insurance carrier or broker of plaintiff's claim. It is not the written notice the statute requires.
There is no genuine issue of material fact; the plaintiff did not give written notice to the town clerk or any of the selectmen.
In her Second Amended Complaint, plaintiff alleges she "provided the appropriate statutory notice . . . on December 1, 1999." Second Amended Complaint, January 24 2001, ¶ 10. [112] Defendant has denied this allegation. Answer to Second Amended Complaint, March 21, 2001, ¶ 10. [114]
In her brief, plaintiff contends defendant should be equitably estopped from denying the adequacy of the notice. Memorandum of Law in Support of Plaintiff's Objection to Motion for Summary Judgment, August 20, 2001, pp. 2-3. [127] However, nothing in the pleadings would support an equitable estoppel claim. In deciding a motion for summary judgment, the court is constrained by the pleadings.
Defendant's motion for summary judgment is granted.
Parker, J.